BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-7700

Counsel for Defendant CASTELLANOS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCO CERVANTES CASTELLANOS,<br><br>Defendant. | No.  CR 07-0784 MAG<br><br>DEFENDANT'S SUBMISSION REGARDING BASIS FOR SENTENCING WITHOUT PRESENTENCE REPORT |

Francisco Cervantes Castellanos will appear before the Court on December 12, 2007 in order to change his plea.  He hereby requests that the Court dispense with a presentence report and sentence him on that same date.  The United States does not oppose the request.

Under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), the Court may impose a sentence without the use of a presentence report if: "the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553 and the court explains this finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii).  Mr. Cervantes Castellanos presents the following facts to aid the Court in the meaningful exercise of its sentencing authority.

//

//

Deft Cervantes Castellanos' Submission re:
Sentencing                                        -1-

**Charges and Offense Conduct**[1]

Mr. Cervantes made his initial appearance in federal court on December 7, 2007. On December 13, 2007, he was arraigned on a one-count information charging possession of an identification document not issued lawfully for his own use, with the intent to defraud the United States, in violation of Title 18 U.S.C. § 1028(a)(4).

On November 6, 2007, Mr. Cervantes submitted an application for a United States passport. The application was in the name of Aurelio Ayon Urvina, Jr. A California driver's license and birth certificate in that name were also submitted. The application was referred for criminal investigation.

On December 6, 2007, two State Department agents interviewed Mr. Castellano at the U.S. Passport Office in San Francisco. He admitted that his true name, citizenship status and birth date. He also admitted that he had purchased the birth certificate some three years ago, along with a Social Security card. The card was later used to obtain a driver's license, which in turn facilitated application for the passport.

**Criminal History**

Neither the United States nor defense counsel are aware that Mr. Cervantes has any prior criminal history.

**Personal and Family Data**[2]

Francisco Cervantes Castellanos is a twenty-eight year old man born on August 25, 1979 in Jalisco, Mexico. His father, Francisco Cervantes Lopez, is fifty-five and lives in Tijuana, Mexico. His mother, Lupe Castellanos, is fifty-two and lives with his father. Mr. Cervantes is single with no children.

---

[1] Unless otherwise indicated, the offense conduct is based on the Affidavit in Support of Criminal Complaint attached hereto as Exhibit A.

[2] Counsel avers on information and belief that the following biographical information regarding Francisco Cervantes Castellanos is true and correct.

<u>Education</u>

Mr. Cervantes Castellanos completed sixth grade in Mexico..

<u>Employment</u>

For the past six years, he has worked in the construction trade in San Francisco. Prior to that, he was employed as a farm worker.

<u>Health</u>

Mr. Cervantes is good health. He has no history of medical problems.

<u>Financial Circumstances</u>

Francisco Cervantes Castellanos completed a financial affidavit at the outset of this case. The Court found him eligible for appointed counsel. Moreover, he now avers the following, through counsel: He no longer has a source of income, due to his custody and impending deportation. His limited monetary assets, roughly $3,000, were in a bank account that is now frozen and to which he has no access. His outstanding debts include $3,500 of consumer credit and $6,000 for a vehicle loan. He also has typical monthly expenses of approximately $1,600.

**Plea Agreement and Advisory Guidelines Calculation**

There is a written plea agreement. Under the agreement, Mr. Cervantes will plead guilty to a violation of Title 18 U.S.C. § 1028(a)(4). Application of the advisory United States Sentencing Guidelines yields the following calculations:

1) a base offense level of 8 under U.S.S.G. § 2L2.2 ("Fraudulently Acquiring Documents Relating to Naturalization, Citizenship or Legal Resident Status for Own Use") and

2) a final offense level of 6, assuming a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

3) a Criminal History Category of One, with a resulting sentencing range of zero to six months in Zone A of the sentencing table.

**Requested Punishment**

The parties requests that the Court impose a sentence of one year of probation with conditions

1  including not re-entering the country without permission, if Mr. Cervantes is deported. If he returns
2  within the probationary term, he is to report to a probation office within 72 hours.
3       Mr. Cervantes also asks that the Court waive imposition of a fine, as he has demonstrated that
4  he is financially unable to pay a fine.
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

Deft Cervantes Castellanos' Submission re:
Sentencing                               −4−

# CONCLUSION

Based on the foregoing, Francisco Cervantes Castellanos requests that the Court sentence him on December 12, 2007, without reference to a Pre-sentence Report. He asks that the Court impose the sentence requested above.

Dated: December 12, 2007

    Respectfully submitted,

    BARRY J. PORTMAN
    Federal Public Defender

    /S/

    RONALD C. TYLER
    Assistant Federal Public Defender